## COMMERCE-GUARDIAN BANK v
## CATAWBA CLIFFS BEACH CLUB, Inc, et

Ohio Appeals, 6th Dist, Ottawa Co

Decided Dec 7, 1936

Denman, Miller & Beatty, Toledo, for appellee.

W. W. Campbell, Toledo, Wm. E. Orthwein, Toledo, and Boggs & Chase, Toledo, for appellant.

## OPINION

By TAYLOR, J.

Appellant, The Fred Christen & Sons Company, urges two alternative theories in support of its contention that the Court of Common Pleas erred in not sustaining its claim to a preference in the assets of the Catawba Cliffs Beach Club, Inc., stated in its cross-petition as an alleged valid and subsisting mechanic's lien having priority over the claims of the Commerce-Guardian Bank, as successor trustee. These alternative claims are that the alleged mortgage and deed of trust from the Catawba Cliffs Beach Club, Inc., hereinafter for convenience sometimes referred to as "Beach Club," to The Commerce-Guardian Trust & Savings Bank of Toledo, as trustee, was actually a deed conveying a fee simple title to the land therein described; or, second, that the same instrument was a construction mortgage.

It will be necessary to refer to very few facts in order to explain the situation.

On or about November 15, 1930, the Beach Club, a corporation, by appropriate action of its board of directors, duly authorized the issuance of its first mortgage serial 6½% gold bonds dated November 15, 1930, in the aggregate principal sum of $225,000. To secure the payment of these bonds the Beach Club conveyed certain real estate to The Commerce-Guardian Trust & Savings Bank of Toledo, as trustee. The instrument of conveyance, described as a first mortgage and trust deed, was executed and delivered on March 17, 1931, and filed for record with the recorder of Ottawa County by the trustee on the following day and thereafter duly recorded in the mortgage records of that county. Prior thereto, on March 2, 1931, the Beach Club, as owner of this real estate, had entered into a contract with The Thomas Z. Humphries Corporation of Detroit for the construction of a new building on this real estate. One of the purposes of the bond issue was to finance the cost of this building. Very soon thereafter, The Thomas Z. Humphries Corporation entered into a sub-contract with the appellant for the furnishing of certain fire doors, roofs and other material and labor on this new building for the total price of $2,330. Appellant completed the furnishing of material and labor under this sub-contract on June 27, 1931. The first work done in pursuance of the Humphries Corporation contract was on March 30, 1931. The first work performed and material delivered under the sub-contract in question was on May 25, 1931.

It is stipulated between the parties that on August 21, 1931, appellant filed with the County Recorder of Ottawa County an affidavit for a lien, which has been duly recorded; that during all this time the Beach Club maintained an office and place of business upon the premises described in the petition, which was, of course, in Ottawa County, but that neither The Commerce-Guardian Bank as successor trustee, nor its predecessor, The Commerce-Guardian Trust & Savings Bank, had or maintained any office, branch or place of business in Ottawa County during the years 1930 and 1931. It is further stipulated that on August 21, 1931, appellant caused a copy of the above mentioned affidavit for lien to be placed upon the desk of the agent and officer of the Beach Club in its above mentioned office during the absence therefrom of the agent and officer, and also caused a copy of this affidavit for lien to be placed in a conspicuous place in and on the building which was being built or constructed under the contract. This was not such service upon a resident owner as is contemplated by §8315, GC, but in any event the claim of appellant arose after the creation of the mortgage lien of the trustee bank and did not supersede it.

First, as to appellant's claim that the mortgage and deed of trust, under which The Commerce-Guardian Bank, as trustee brought foreclosure proceedings, conveyed absolute title so as to make the trustee the owner of the premises under foreclosure. We are in accord with the reasoning and conclusion of the Court of Common Pleas on this question, that this instrument was a trust deed in the nature of a mortgage and that during all the times which we have mentioned the Beach Club was the owner of the property. In addition, however, we point out that appellant has at all times until now considered the instrument in question as a mortgage and the Beach Club as the owner of the property. In its answer and cross-petition appellant referred to the instrument as a mortgage and deed of trust, as well as mortgage or deed of trust. In the cross-petition itself, appellant alleges that "Within thirty days after filing said affidavit with the County Recorder, it served a copy of said affidavit upon said owner and upon the said mortgagee, The Commerce-Guardian Trust & Savings Bank."

Appellant's "Affidavit for lien" itself, Exhibit No. 2, dated and filed for record on August 21, 1931, expressly states that the Beach Club is the owner of the premises on which a lien is sought. This was in accordance with the requirement of §8314 GC, that the affidavit must state the name of the owner of the premises. We fail to see upon what theory appellant can now deny the allegations of its own affidavit for lien and ask this court to find that some one other than the owner named in that affidavit was in fact the owner.

The principle invoked in Ohio & Mississippi Ry. Co. v McCarthy, 96 U. S. 258, 24 L. Ed. 693, applies to this change of position. That court said, on page 267 of the opinion:

"Where a party gives a reason for his conduct and decision touching anything involved in a controversy, he cannot, after litigation has begun, change his ground, and put his conduct upon another and a different consideration. He is not permitted thus to mend his hold."

As to the second alternative claim that the mortgage in question was actually a construction mortgage, it is sufficient to say that, as we have already pointed out, this mortgage and deed of trust was filed for record on March 17, 1931, whereas no work was done in pursuance of the Humphries Corporation contract until March 30, 1931, and none under the sub-contract of the appellant until May 25, 1931. Hence, the mortgage was prior in lien. **Rider v Crobaugh, 100 Oh St 88, 125 NE 130.**

Headnote 4.

Therefore, finding no prejudicial error in the record, the judgment of the Court of Common Pleas is affirmed.

Judgment affirmed.

LLOYD and CARPENTER, JJ, concur.